UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60398-CIV-COHN/SELTZER

JUAN MIGUEL ALVAREZ,

    Plaintiff,

v.

SUN COMMODITIES, INC.,

    Defendant.
_____/

### ORDER DENYING MOTION TO AUTHORIZE NOTICE TO POTENTIAL CLASS MEMBERS

**THIS CAUSE** is before the Court on Plaintiff Juan Miguel Alvarez's Motion to Authorize Notice to Potential Class Members [DE 14] ("Motion"). The Court has considered the Motion, Defendant Sun Commodities, Inc.'s Response [DE 22], Mr. Alvarez's Reply [DE 26], the accompanying exhibits, and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 2, 2012, Plaintiff Juan Miguel Alvarez brought this action on behalf of himself and all others similarly situated against Defendant Sun Commodities, Inc. See Amended Complaint [DE 7].[1] Mr. Alvarez brings a single claim for recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). See id. According to the Amended Complaint, Mr. Alvarez worked as a laborer for

---

    [1] Mr. Alvarez originally filed this action against both Sun Commodities, Inc. and Gregg Leslie, see Complaint [DE 1], but Mr. Leslie was dismissed without prejudice on June 13, 2012 pursuant to the parties' Joint Stipulation [DE 29]. See Order Dismissing without Prejudice Defendant Gregg Leslie [DE 31].

Defendant from April 2010 to mid-October 2010.  Id. ¶¶ 2-3.  Mr. Alvarez alleges that Defendant failed to compensate him and similarly situated employees for all overtime hours worked in a work week.  Id. ¶ 4.  Therefore, Mr. Alvarez seeks, for himself and for those similarly situated, payment of compensation at one and one-half times the hourly rate for all overtime hours worked, liquidated damages, and attorneys' fees and costs.  Id. at 4.

On April 4, 2012, Mr. Alvarez filed the instant Motion to Authorize Notice to Potential Class Members.  Defendant opposes the motion.

## II. LEGAL STANDARD

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated."  29 U.S.C. § 216(b) (1998).  Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs.  Id.  It is well settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991).  Before determining whether to exercise such power, however, "the district court should satisfy itself that there are other employees . . . [(1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  Dybach, 942 F.2d at 1567-68.

The Eleventh Circuit recommends a two-tiered approach in determining whether to notify and certify a § 216(b) opt-in class.  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d

1208, 1219 (11th Cir. 2001).  Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification.  See id. at 1218, 1219.  This case is currently in the early stages of litigation, so the Court applies the lenient standard.

### III. ANALYSIS

Even under the lenient standard, a plaintiff still has "the burden of demonstrating a reasonable basis for crediting [his] assertions that aggrieved individuals existed in the broad class that [he] proposed." Haynes v. Singer Co, Inc., 696 F.2d 884, 887 (11th Cir. 1983).  As described below, Mr. Alvarez fails to meet his burden as to both Dybach requirements.  Dybach, 942 F.2d at 1567-68.  Therefore, the Motion will be denied.

### A. Other Employees Who Desire to Opt-In

Under Dybach's first requirement, a plaintiff must show that there are other employees who desire to opt-in before a court can conditionally certify a class. Dybach, 942 F.2d at 1567-68.  In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations. Rodgers v. CVS Pharm., Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2003); see also Manzi v. Hartman & Tyner, Inc., No. 11-60426-CIV, 2011 WL 2110279, at *2 (S.D. Fla. May 25, 2011) (citing Grayson, 79 F.3d at 1097, and Rodgers, 2006 WL 752831, at *3); see also Abrego v. Baker Landscape Corp., No. 10-80944-CV, 2010 WL 5330520, at *2 (S.D. Fla. Dec. 2, 2010).  Instead, the plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson, 79 F.3d at 1097.

3

Mr. Alvarez's Motion asserts that there are "approximately one hundred (100) others who are similarly situated, work(ed) as laborers for [Defendant]." Mot. at 3. His Affidavit explains his problems with Defendant's time clock and states, "I know that all of the Defendants' workers had the same problem with the time clock as I did." Alvarez Aff. ¶ 9. Mr. Alvarez also submits the Affidavit of Edilberto Ramirez [DE 14-4], another of Defendant's former employees who filed a Consent to Join [DE 13] this action. Mr. Ramirez states, "I talked to other warehouse workers about not being paid overtime," and "Approximately one hundred (100) other workers were affected by Defendants' time clock inaccuracies." Ramirez Aff. ¶¶ 10, 12. However, in direct contradiction to Mr. Alvarez's and Mr. Ramirez's assertions, Defendant submits the Declarations of four employees who would not join in this lawsuit, because they use the same time clock as Mr. Alvarez and Mr. Ramirez, yet they have never experienced any problems with the clock and have been paid for all overtime hours. See Declaration of William Wahl [DE 22-1] ¶¶ 5-6; Declaration of Edwin Guadarrama [DE 2-2] ¶¶ 5-6; Declaration of James Atkins [DE 22-3] ¶¶ 5-6; Declaration of Remy Joseph [DE 22-4] ¶¶ 5-6. Without any support for Mr. Alvarez's and Mr. Ramirez's conclusions that all workers experienced these inaccuracies, their statements are insufficient to justify certification and notice, particularly in light of the Declarations of four such workers who did not experience these inaccuracies.[2]

---

[2]   In his Reply, Mr. Alvarez characterizes the Declarations as "conclusory," and suggests that "since Defendants employ approximately one hundred (100) employees, the four (4) individuals hand picked by Defendants cannot be said to represent the prospective class." Reply at 4. However, the opposite inference—that Mr. Alvarez and Mr. Ramirez cannot be said to represent the prospective class—is also plausible. See Barrera v. Oficina, Inc., Case No. 10-21382-CIV, 2010 WL 4384212, at *2 (S.D. Fla. Oct. 28, 2010) ("the opposite inference—that all those interested in joining

Mr. Ramirez also states, "I think other warehouse workers will join this case if they are told about it." Ramirez Aff. ¶ 13. Yet, a "belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class." Rodgers, 2006 WL 752831, at *3; see also Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("However, unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice.") (citing Haynes, 696 F.2d at 887).[3]

Finally, Mr. Alvarez suggests that the fact that Defendant has been sued in the past based on the same unlawful practices provides evidence that other employees will likely join this action if given the opportunity. See Reply at 4. However, as this Court

---

this lawsuit have already done so—is also plausible."). A plaintiff has a burden to offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary," Grayson, 79 F.3d at 1097, and Mr. Alvarez has not done so here.

[3]   Since this Motion was filed, two additional employees have submitted Consent to Join forms, see Benny Burns' Consent to Join [DE 32-1]; Pierre Jules Oliver's Consent to Join [DE 33-1], and Plaintiff has filed a separate Motion for Extension of Time to Extend Deadline to Amend Pleadings and Add Parties [DE 27] for the purpose of adding Mr. Burns and Mr. Oliver as Plaintiffs. Though courts have granted collective class notice motions where only a small number of additional plaintiffs joined after the lawsuit was filed, see, e.g., Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *2, *3 (S.D. Fla. Jan. 3, 2005) (ten additional plaintiffs indicated willingness to opt-in); Barrett v. Capital Acquisitions Mgmt. Co., No. 03-62091-CIV, 2004 WL 5309097, at *2 (S.D. Fla. March 15, 2004) (eight additional plaintiffs joined), the addition of three plaintiffs, without more, does not necessarily meet the burden. As Defendant notes, "[f]ederal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where, as is seen here, the plaintiff attempts to conditionally certify a broad group based only on the conclusory and unsupported allegations of a few employees." Resp. at 7. The Court will address the Motion for Extension of Time to Extend Deadline to Amend Pleadings and Add Parties in a separate Order.

has previously explained, "[t]he mere fact that Defendant has been sued before does not necessarily mean that there are other potential plaintiffs who wish to join *the instant suit*." Manzi, 2011 WL 2110279, at *2 (citing Rodgers, 2006 WL 752831, at *3). "The Court will not engage in speculation based on past lawsuits . . . . Rather, a showing that others desire to opt-in is required before certification and notice will be authorized by the court," id. (quoting Rodgers, 2006 WL 752831, at *3), and Mr. Alvarez has not sufficiently made this showing here.

"Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. DeKalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003). "Plaintiff does not have a heavy burden to carry to establish that similarly situated employees exist," Williams v. Imperial Hosp. Grp., Inc., Case No. 10-60835-CIV, 2010 WL 3943590, at *2 (S.D. Fla. Oct. 6, 2010), but "[i]f [he does] not satisfy [his] burden, the Court should decline the certification of collective action to avoid the 'stirring up' of litigation through unwarranted solicitation," Barrera v. Oficina, Inc., Case No. 10-21382-CIV, 2010 WL 4384212, at *2 (S.D. Fla. Oct. 28, 2010). Therefore, the Motion will be denied.

### B. The "Similarly Situated" Requirement

Although this Motion will be denied due to Mr. Alvarez's failure to meet the first Dybach requirement, the Court notes that Mr. Alvarez also fails to meet the second requirement. Under Dybach's second requirement, a plaintiff must show that there are employees who are similarly situated with respect to their job requirements and their pay provisions before a court can conditionally certify a class. Dybach, 942 F.2d at

1567-68.

Mr. Alvarez defines his proposed class as "all current and former laborers employed by Defendants that performed non-exempt duties, who provided services for one or more weeks in furtherance of the business of the Defendants, were not paid overtime for all hours worked in excess of forty (40), and who were employed for any length of time since March 2, 2009." Mot. at 9; see also Mot. at 2.  As to the class members' similarity, Mr. Alvarez alleges, "This class was adversely affected by a single decision, policy, and/or plan of Defendants." Id. at 9.  He states, "it is clear that Defendants have a systemic practice in place that affects all of its laborers in its one location.  Defendants' unlawful practice of manipulating its time clock has affected approximately one hundred (100) similarly situated employees." Reply at 7.  However, the evidence on file is not so clear.

Without specifying any details of Defendants' alleged failure to pay its laborers for overtime hours, the Amended Complaint states generally, "Defendants knowingly and willfully failed to pay Plaintiff and the other [laborers] similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) hours per week." Am. Compl. ¶ 4.  In his Affidavit, Mr. Alvarez provides the following details:

> I had to punch a time clock each day when I started my work day and when I ended the day.  Other workers that I worked with who did the same thing as me were forced to punch that time clock.  However, the time clock would automatically clock us in fifteen minutes later than the actual time we would clock in.  Defendants[ ] also forced us to clock out for lunch for an hour on Sundays, but we were required to work thirty (30) minutes during that break.  In other words, Defendants would not pay me for approximately fifteen (15) minutes each day as well as thirty (30) minutes on Sundays.

7

Alvarez Aff. ¶ 7.  Mr. Ramirez, however, provides a different description of Defendant's alleged failure to compensate him:

> Although all of Defendants' employees did the same duties as me and punched a time clock each day, that time clock was wrong. The Defendants' time clock deducted about fifteen (15) to thirty (30) minutes each day from me and other employees . . . . I never got paid for the fifteen (15) to thirty (30) minutes every day that Defendants took from me.

Ramirez Aff. ¶¶ 8-9.  As Defendant notes, "an issue with the time clock being 'wrong' is not a policy or practice of the company because this problem was not one experienced amongst all of the laborers working at Sun Commodities."  Resp. at 11-12.  Further, along with its Response, Defendant submitted the Declarations of four individuals who currently work as laborers for Defendant, and who each declare under penalty of perjury, "I have used the time clock located in Sun Commodities' warehouse and have not had any problems with the time clock recording my work hours incorrectly . . . . I have been paid for all hours that I worked, including overtime hours, during my employment with Sun Commodities."  Wahl Decl. ¶¶ 5-6; Guadarrama Decl. ¶¶ 5-6; Atkins Decl. ¶¶ 5-6; Joseph Decl. ¶¶ 5-6.

Citing Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at *2 (S.D. Fla. May 17, 2006), Mr. Alvarez contends that "where the allegation at issue involves a company-wide policy with the uniform result that all similarly situated employees are denied overtime compensation, notification is particularly appropriate."  Mot. at 13.  However, distinct from Guerra, where the plaintiff successfully alleged "a company-wide pay policy with the uniform result that the final pay of all laborers is lower than it should," Guerra, 2006 WL 2290512, at *3, Mr. Alvarez has not sufficiently alleged the existence of such a policy or a uniform result here.

8

Rather, this is a case where fact-specific inquiries will be necessary as to each plaintiff's individualized off-the-clock claims.  Such inquiries render this case inappropriate for collective treatment.  See Cartner v. Hewitt Assocs., LLC, No. 6:09-cv-1293-Orl-31DAB, 2009 WL 3245482, at *2 (M.D. Fla. Oct. 7, 2009).  Therefore, the Motion will be denied not only because Mr. Alvarez failed to meet his burden to show that others desire to opt-in, but also because he failed to meet his burden to show that there are similarly situated individuals in his proposed class.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Juan Miguel Alvarez's Motion to Authorize Notice to Potential Class Members [DE 14] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of June, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF